# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1200V
**Filed: September 21, 2017**
UNPUBLISHED

|  |  |
|---|---|
| AMY PAINTER,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Jerome A. Konkel, Samster, Konkel & Safran, S.C., Milwaukee, WI, for petitioner.*
*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 26, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury caused-in-fact by her January 9, 2013 influenza vaccination. On March 23, 2017, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 18.)

On August 22, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 22.) Petitioner requests attorneys' fees in the amount of $13,187.84 and attorneys' costs in the amount of $2,122.39. (*Id.* at 1.) In compliance with General Order #9,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. Thus, the total amount requested is $15,310.23.

On August 28, 2017, respondent filed a response to petitioner's motion. (ECF No. 23.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request. Petitioner's counsel seeks hourly rates of $350 per hour for work performed in 2015-2016 and $358 for work performed in 2017. (ECF No. 22-1.) However, petitioner's counsel has previously billed and been awarded fees at a rate of $312 per hour for 2015 and 2016. *E.g. Opperman v. HHS*, No. 14-1222, 2017 WL 2883891 (Fed. Cl. Spec. Mstr. Jan. 31, 2017). The undersigned concludes that $358 per hour is a reasonable rate for work performed in 2017, but reduces the rate for 2015 and 2016 to $312 per hour, consistent with counsel's prior contemporaneous cases. *See, e.g. Simmons v. HHS*, No. 11-216V, 2016 WL 6156330 (Fed. Cl. Spec. Mstr. Sept. 28, 2016)(finding that petitioner's counsel could not apply an attorney rate increase retroactively for work previously performed). This results in a reduction of $813.96.[3]

Additionally, the undersigned reduces petitioner's requested costs by $665.50. This reflects the $400.00 Court of Federal Claims filing fee for petitioner's prior vaccine petition, which was dismissed due to a pending civil action, as well as the $265.50 filing fee for that civil action in Racine County Court. The undersigned does not find that these filing fees were reasonably incurred in proceeding on the petition. *Stewart v. HHS*, No. 06-287V, 2011 WL 5330388, at *22-25 (Fed. Cl. Spec. Mstr. Oct. 17, 2011 (citing §15(e)(1)(b) and determining that "costs associated with previous, civil litigation unrelated to [the proceedings under the Vaccine Act] are not compensable"); *Yang v. HHS*, No. 10-33V, 2013 WL 4875120, at *5 (Fed. Cl. Spec. Mstr. Aug. 22, 2013) (holding that "petitioner's counsel's requests for attorneys' fees for work that was created by counsel's mistakes are unreasonable."); *Perreira v. HHS*, 27 Fed. Cl. 29, 34 (1992) (noting that "[n]ot only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs.")

In the undersigned's experience, the request otherwise appears reasonable, and the undersigned finds no further cause to reduce the requested hours or rates.

---

[3] Petitioner's motion did not provide billing totals by year. The undersigned tabulated 21.42 hours billed by counsel at a rate of $350 per hour.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $13,830.77[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Jerome A. Konkel, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.